UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **JOHNNY LEE YOUNG** | **CIVIL ACTION NO. 16-278-P** |
| **VERSUS** | **JUDGE HICKS** |
| **RAMON L. EMANUEL** | **MAGISTRATE JUDGE HORNSBY** |

**MEMORANDUM ORDER**

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Johnny Lee Young ("Petitioner"), pursuant to 28 U.S.C. §2241. This petition was received and filed in this court on February 29, 2016. Petitioner, a pretrial detainee, is incarcerated in the Caddo Correctional Center in Shreveport, Louisiana. He challenges his current detention. Petitioner names Ramon L. Emanuel as respondent.

In support of this petition, Petitioner alleges the state court has not proven that it has jurisdiction.

Habeas corpus relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. However, the right to pursue habeas relief in federal court is not unqualified. It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted all available state remedies. Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

Eligibility to proceed under Section 2241 depends upon the fulfillment of two

prerequisites. The statute itself requires that petitioner must be "in custody" in order to seek habeas relief. Once petitioner has met this prerequisite, he must then show that he has exhausted available state remedies. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 433 (1983). The exhaustion requirement is a judicial abstention policy developed "to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." Dickerson v. State of Louisiana, 816 F.2d 220, 225 (5th Cir. 1987).

Furthermore, pretrial habeas relief is not a tool which can be used to derail or interfere with a state's criminal process. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 442 (1973). Absent exceptional circumstances, this court is not authorized to interfere with state trial court proceedings. Braden, supra.

Petitioner has failed to provide documentation to evidence that his claims were, in fact, fully exhausted with the state courts. Before this court can consider Petitioner's claims, Petitioner should provide this court with documentation that he has, in fact, exhausted each claim presented in his petition in the state courts. Specifically, Petitioner must file with this court a copy of the briefs he filed with each level of the state courts and the responses of each level of the state courts regarding each claim presented in his petition.

Accordingly;

**THE CLERK IS DIRECTED** to serve by mail, a copy of this memorandum order

upon Petitioner who must then submit to the Clerk of Court in Shreveport, Louisiana, within thirty (30) days after service of this Order, documentary proof that he has exhausted his available state court remedies. Failure to do so will result in dismissal of this suit pursuant to Rule 41 of the Federal Rules of Civil Procedure.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 16th day of March 2016.

_____
Mark L. Hornsby
U.S. Magistrate Judge